**Lonnit SEMIEAN, Appellant,**

v.

**UNITED STATES of America,**
**Appellee.**

**No. 17086.**

United States Court of Appeals
Ninth Circuit.

Sept. 7, 1962.

Lonnit Semiean, appellant, in pro. per.

Herman T. F. Lum, U. S. Atty., and Yoshimi Hayashi, Asst. U. S. Atty., Honolulu, Hawaii, for appellee.

Before BARNES and HAMLEY, Circuit Judges, and BOWEN, District Judge.

BARNES, Circuit Judge.

Appellant, now appearing in propria persona, but represented by counsel at his trial and in raising the points relied on on appeal, was indicted February 3, 1960 in Hawaii for failure to pay the transfer tax on fifteen grams of marijuana on October 28, 1959 (26 U.S.C. § 4744). He was tried and found guilty by a jury on March 8, 1960, Case No. 11441.

This is an appeal from that conviction in No. 11441. Appellant augmented the record on this appeal in two respects:

*First:* by the addition of a previous indictment, No. 11424, dated December 15, 1959, found against one Delano Morris Palmer in four counts.

The first count charged Palmer with failure to pay tax on six hundred grams (two pounds) of marijuana on October 25, 1959 (26 U.S.C. § 4744(a)); the second count charged Palmer with smuggling the same quantity of marijuana on the same date without invoicing for customs (21 U.S.C.A. § 176a); the third count charged Palmer with smuggling eighteen pounds of marijuana on October 25, 1959 (21 U.S.C.A. § 176a); and the fourth count charged Palmer with knowingly transporting and concealing on November 9, 1959, the eighteen pounds of marijuana (21 U.S.C.A. § 176a).

Palmer made a motion to suppress the two pounds of marijuana in Counts I and II. The Government in facing this motion, found it would be required to reveal the name of an informant. This it declined to do, and the motion to suppress this marijuana was granted as to Palmer, and Counts I and II were dismissed.

*Second:* by the addition of a previous indictment found against Semiean, No. 11425, dated December 15, 1959, charging him in Count I with transferring twenty pounds of marijuana on October 25, 1959 without a license (26 U.S.C. § 4742(a)), and in Count II with smuggling the same amount of marijuana on the same date. This indictment (No. 11425) was introduced into evidence by appellant in the court below on his trial of No. 11441.

Count II of No. 11425 had been dismissed by the Government and appellant was tried only on Count I of No. 11425. Palmer, mentioned above, was placed on the stand as a Government witness, but declined to testify against Semiean, despite a statement given previously by Palmer to the Government which apparently resulted in dismissal of the charges against Palmer stated in No. 11424.[1] Because of such refusal of Palmer to testify, the Government had no case it could prove against Semiean, and he was acquitted on Count I.

We note that the counts in No. 11425 refer to dates, quantities of marijuana and statutes differing from those charged in the one count of No. 11441.

Appellant urges that the counts on which he was indicted in No. 11425 were "substantially similar" to the count on which he was convicted in No. 11441. This may seem so to a layman, but in law when two counts involve different dates, different crimes and different substances, there exists a different charge, requiring a different trial; and the defendant in the differing counts has not been subjected to double jeopardy.

Because evidence is suppressed as to one defendant for a particular crime does not mean it is suppressed as to a different defendant, even though the crime be the same, except perhaps under special circumstances not here present (Mosco v. United States, 9 Cir., 301 F.2d 180, 188 (1962)), and when differing crimes are charged, there is even less reason to hold the suppression as to one defendant requires suppression as to another.

The other points raised by appellant relate to evidentiary questions [2] which are clearly of no real substance and unworthy of extended discussion. We find no error in such points so raised.

The judgment is affirmed.

1. This is clear from the transcript of the trial proceedings in No. 11425.

2. Such as whether a layman with eleven years' experience in smoking marijuana can testify that he recognizes a substance as marijuana.